Filed 6/16/23 P. v. Torres CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICHARD MARTINEZ TORRES,<br><br>    Defendant and Appellant. | G061580<br><br>(Super. Ct. No. 93CF3269)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge. Reversed and remanded.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal, Lynne G. McGinnis, and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Richard Martinez Torres appeals from an order denying his petition for resentencing under Penal Code former section 1170.95 (now Pen. Code, § 1172.6).[1] In 1994, defendant pleaded guilty to one count of murder and one count of attempted murder. He also admitted he personally used a firearm during the commission of the offenses. The court sentenced defendant to state prison for a term of 27 years to life. We affirmed the judgment with modifications to the sentence on appeal. (*People v. Torres* (Dec. 18, 1995, G017512) [nonpub. opn.].)

In 2022, defendant filed a petition for resentencing. The court appointed counsel for defendant, received briefing from the parties, and conducted a prima facie hearing. After taking the matter under submission, the court summarily denied defendant's petition for resentencing.

On appeal, defendant contends the court erred by denying his petition because the court engaged in improper fact finding by relying on defendant's guilty plea. He also argues the record does not conclusively establish he was precluded from relief. For the reasons below, we agree with defendant's latter contention. We accordingly reverse the postjudgment order and remand for further proceedings.

FACTS

In 1994, defendant pleaded guilty to one count of murder and one count of attempted murder. The factual basis for the guilty plea stated: "In Orange County, on August 23, 1993, I unlawfully killed Debbie Louis[e] Gonzalez with malice aforethought and attempted to kill [G.B.] with malice aforethought, personally using a firearm in both instances."

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

In 2022, defendant filed a petition for resentencing. Using a preprinted form, he checked the boxes stating: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." (Underscoring omitted.)

In July 2022, the court summarily denied defendant's petition. In its statement of decision, the court emphasized it "ha[d] not read, considered, or reviewed any document except for understanding the procedural history of [the] case." The court added that it had "not undertaken a factual review." Relying on the basis for defendant's guilty plea, the court concluded: "The evidence is sufficient that [defendant] was the actual killer as well as the attempted killer. A prima facie [case] has not been shown."

Defendant timely filed a notice of appeal.

DISCUSSION

Defendant contends the court erred by denying his petition for resentencing because the court's consideration of his guilty plea required improper fact finding. He also argues the record did not conclusively establish he was precluded from relief. We agree with his latter contention.

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder,

3

to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this by amending sections 188 and 189 and adding section 1172.6, such that persons convicted of felony murder or murder under a natural and probable consequences theory could seek resentencing or to have the conviction vacated. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Effective January 1, 2022, the Legislature amended section 1172.6 to expand resentencing eligibility to persons convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2.)

Senate Bill 1437 also created a procedure, codified in section 1172.6, by which defendants could seek resentencing if their conduct did not constitute murder as redefined by Senate Bill 1437. (*Lewis, supra*, 11 Cal.5th at p. 957.) The defendant first must file a petition showing: (1) he was prosecuted for felony murder or murder under the natural and probable consequences doctrine; (2) he was ultimately convicted of first or second degree murder; and (3) he could not be convicted for murder today because of how the Legislature has redefined the offense. (§ 1172.6, subd. (a)(1)-(3).) If the petition is facially sufficient and the petitioner requests counsel, the trial court must appoint counsel. (*Id.*, subd. (b)(3).) The parties then brief the question of whether petitioner is entitled to relief. (*Id.*, subd. (c).) If the defendant makes a prima facie showing, the trial court is required to issue an order to show cause. (*Ibid*.) If the parties do not stipulate the defendant is entitled to relief, the court must conduct an evidentiary hearing. (*Id.*, subd. (d).)

In determining whether the petitioner has made a prima facie case for relief, the trial court may rely on the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 970-971.) The record of conviction includes the court's own documents, including the underlying facts as presented in an appellate opinion, the trial evidence, the jury instructions, closing arguments of counsel, and any guilty pleas. (*People v. Lopez* (2022)

4

78 Cal.App.5th 1, 13; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, overruled on other grounds in *Lewis, supra*, 11 Cal.5th at pp. 961-962.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the first amended information alleges defendant "did willfully and unlawfully and with malice aforethought murder" Debbie Louise Gonzalez and "did willfully, unlawfully, and with malice aforethought, attempt to kill" G.B. The information further alleged defendant personally used a firearm in the commission and attempted commission of the above offenses. As the Attorney General concedes, the language in the information was generic and did not limit the prosecution's ability to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, imputed malice, or attempted murder under the natural and probable consequences doctrine. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 484 [information alleging murder was committed """"willfully, unlawfully, and with malice aforethought""""" does not limit prosecution's ability to pursue felony murder or murder based on natural and probable consequences doctrine].)

Based on the guilty plea, the Attorney General argues defendant specifically admitted he killed one victim and attempted to kill another with malice aforethought. As noted, *ante*, defendant's plea admits he "unlawfully killed Debbie Louis[e] Gonzalez with malice aforethought and attempted to kill [G.B.] with malice aforethought, personally using a firearm in both instances." Defendant essentially admitted he was liable for murder and attempted murder according to the law existing at the time of the plea. But the factual basis for the plea does not establish as a matter of law that defendant committed the murder or attempted murder. Indeed, defendant offered a theory under which his guilty plea was consistent with malice under a felony murder or natural and probable consequences theory—he displayed or had a firearm but was never

5

the one who fired it. The language regarding a specific intent to kill would not have precluded the prosecution from proceeding on a natural and probable consequences theory, which imputes the specific intent to kill in a murder prosecution. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 259-260.) Likewise, defendant's admission to personally using a firearm does not bar relief because, as both parties acknowledge, a person can use a gun during the commission of a crime without ever firing it. The court accordingly could not determine as a matter of law that defendant was ineligible for relief under the statute based on his statement on the plea form. (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 [defendant was not ineligible for resentencing as a matter of law where neither information nor guilty plea specified or excluded any particular theory of murder]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 224 ["a defendant who entered a plea to murder 'with malice aforethought' is not categorically incapable of making a prima facie showing of eligibility for relief . . . because such a plea is not necessarily an admission that the crime was committed with actual malice"]; *People v. Enyon* (2021) 68 Cal.App.5th 967, 970-971 [pleading guilty to premeditated first degree murder committed during a robbery did not make the defendant ineligible for relief as a matter of law].)

*People v. Nguyen* (2020) 53 Cal.App.5th 1154, which the Attorney General cites, is distinguishable. In *Nguyen*, the court found a defendant who pleaded guilty to second degree murder was ineligible for relief as a matter of law because "transcripts from the preliminary and plea hearings demonstrate[d he] was convicted of second degree murder as a direct aider and abettor" as that "was the only theory put forth by the prosecutor . . . ." (*Id.* at p. 1166.) Similar facts do not exist here.

## DISPOSITION

The postjudgment order is reversed and the matter is remanded for further proceedings.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

DELANEY, J.